UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Civil Action No.   8:20-cv-02776

JACOB R. NIEVES,

    Plaintiff,

v.

RADIUS GLOBAL SOLUTIONS, LLC,

    Defendant,

_____/

## COMPLAINT

**NOW COMES** JACOB NIEVES, by and through his undersigned counsel, complaining of Defendant RADIUS GLOBAL SOLUTIONS, LLC, as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 *et. seq.*

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2).

### PARTIES

4. JACOB NIEVES ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

7. RADIUS GLOBAL SOLUTIONS, LLC ("Defendant") maintains its principal place of business at 7831 Glenroy, Suite 250, Edina, Minnesota 55439.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because (1) the principal purpose of Defendant's business is the collection of debt and (2) it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

9. Defendant is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

10. At some point in 2016, Plaintiff incurred a medical debt in the approximate amount of $1,200.00 ("subject debt").

11. On or around the fall of 2020, Plaintiff started receiving collection calls from Defendant in an attempt to collect on the subject debt.

12. During one of the first calls that Plaintiff answered, he advised that he is currently unemployed because of an injury and due to that injury was unable to afford any payments.

13. Defendant's representative stated to Plaintiff that he "needs to figure out how to handle the debt" and that it didn't matter that he was currently unemployed.

14. Frustrated with Defendant's lack of compassion, Plaintiff requested that Defendant stop calling.

15. Despite Plaintiff's request that Defendant cease its harassing collection efforts, Defendant continues to employ abusive collection practices in an effort to collect the subject debt, including the use of harassing phone calls.

16. Concerned with Defendant's abusive debt collection practices, Plaintiff retained counsel to file this action to compel Defendant to cease its abusive conduct.

## CLAIMS FOR RELIEF

### COUNT I:

### Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq.*)

**a. Violations of FDCPA §1692c**

17. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a).

18. Defendant violated 15 U.S.C. § 1692c(a)(1) by contacting Plaintiff after requesting that the phone calls cease.

19. Specifically, when Plaintiff requested that the phone calls cease, any time that Defendant called after that request became an inconvenient time for Plaintiff.

**b. Violations of FDCPA §1692d**

20. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

21. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

22. Defendant violated §§ 1692d and d(5) when it placed at least 10 collection calls to Plaintiff's cellular phone number in an attempt to collect the subject debt.

23. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

24. Additionally, Defendant's behavior during the collection calls was rude and abusive, advising Plaintiff that he needed to find a way to pay the subject debt and that his unemployment was irrelevant.

25. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff.

26. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**WHEREFORE,** Plaintiff requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the Fair Debt Collection Practices Act;

b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying Fair Debt Collection Practices Act violations;

c. Awarding Plaintiff his costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II
### Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)

27. All previous paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### a. Violation(s) of Fla. Stat. § 559.72(7)

28. Subsection 559.72(7) of the FCCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Fla. Stat. § 559.72(7).

29. Defendant violated Fla. Stat. § 559.72(7) by continuously calling Plaintiff after being asked to stop. *See Waite v. Fin. Recovery Servs., Inc.*, 2010 U.S. Dist. LEXIS 133438, 2010 WL 5209350, at *3 (M.D. Fla. Dec. 16, 2010). (misconduct includes calling the plaintiff after being asked to stop).

30. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

### b. Violation(s) of Fla. Stat. § 559.72(8)

28. Subsection 559.72(8) of the CCPA provides:

In collecting consumer debts, no person shall:

> (8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family.

Fla. Stat. § 559.72(8).

29. Defendant violated Fla. Stat. § 559.72(8) by advising Plaintiff that he needed to take care of the debt and that his unemployment was inconsequential.

5

30. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

a. a finding that Defendant violated Fla. Stat. §§ 559.72(7) and 559.72(8);

b. an award of actual damages sustained by Plaintiff as a result of Defendant's violation(s);

c. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

d. an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

e. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: November 24, 2020                    Respectfully submitted,

**JACOB NIEVES**

By: /s/ *Alexander J. Taylor*

Alexander J. Taylor, Esq.
Florida Bar No. 1013947
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
ataylor@sulaimanlaw.com

6